UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ERIC SNOWDEN,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION LLC; CAPITAL ONE, N.A.<br><br>    Defendants. | Case No. 2:25-cv-00214-WCG<br><br>**JOINT SCHEDULING REPORT**<br><br>Date:<br>Time:<br>Ctrm:<br>Location: |

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), and the Court's April 15, 2025 Notice of Rule 16(b) Telephone Scheduling Conference, Plaintiff Eric Snowden ("Plaintiff") and defendants TransUnion, LLC ("TransUnion") and Capital One Auto Finance, a division of Capital One, N.A. ("Capital One") ("Defendants") (collectively, the "Parties"), through their counsel of record, hereby submit the following Joint Scheduling Report:

**A.    Nature of the Case**

**Plaintiff:** Plaintiff alleges that Defendants violated the Fair Credit Reporting Act ("FCRA"). Plaintiff filed for chapter 7 bankruptcy protection on February 19, 2024 and received his discharge on May 30, 2024. During the pendency of his bankruptcy proceeding Plaintiff reaffirmed his auto loan with Capital One and continued to make timely loan payments. After completion of his bankruptcy, and approval of the reaffirmed loan with Capital One Plaintiff ordered a credit report to confirm all his creditors and other accounts accurately updated the credit reporting.

Plaintiff noticed that Capital One was not crediting Plaintiff for the payments Plaintiff made on the vehicle loan. In response, Plaintiff disputed the Capital One account in August of

JOINT SCHEDULING REPORT - 1

2024. To support his contention that he was current with his vehicle payments he included his vehicle payment history.

After the dispute process Plaintiff ordered another credit report and noticed Capital One refused to update the payment history of the account tradeline. Instead of crediting Plaintiff for the timely monthly payments Capital One received, Capital One continued to report derogatory information, despite Capital One knowing Plaintiff made his vehicle payments and was not late with any of the monthly payments.

Capital One's derogatory reporting impacts Plaintiff's credit worthiness and contains inaccurate, misleading, and false information about his Capital One account. Third parties have also been exposed to Capital One's inaccurate and misleading credit reporting.

**Defendants:**

**Experian:** Plaintiff received a signed waiver of service from Experian's in-house counsel, Jennifer Sun and filed the executed waiver on March 6, 2025. Ms. Sun has been advised that Plaintiff intends to take Experian's default if Experian does not make an appearance or otherwise choose to participate in this proceeding.

**TransUnion:** Trans Union, LLC ("Trans Union") is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

**Capital One:** Capital One denies that it reported inaccurate information, denies that it failed to investigate any credit reporting disputes, denies that it violated the FCRA, denies that Plaintiff was damaged as a result of Capital One's conduct, and denies that it is liable to Plaintiff in any way.

**B.     Discovery Plan:**

A proposed discovery plan pursuant to Federal Rule of Civil Procedure Rule 26(f) is as follows:

1. **Initial Disclosures**. The parties will complete their initial disclosures on or before June 16, 2025.

2. **Timing and Subjects of Discovery**. The parties agree it is unnecessary to conduct discovery in phases or be limited or focused on particular issues. The parties agree to abide by the limitations on discovery set forth in the Federal Rules of Civil Procedure. The parties anticipate propounding requests for production of documents, requests for admissions, and interrogatories, as well as taking depositions as necessary.

**Trans Union**: Trans Union will be shortly filing a Motion for Judgment on the Pleadings and does not believe that discovery should commence until resolution of the motion. But once discovery proceeds, Trans Union will seek discovery of materials related to the facts and circumstances surrounding the allegations of Plaintiff's Complaint, Plaintiff's alleged damages, whether there is any causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by Trans Union or any action or inaction of Trans Union, Plaintiff's financial and consumer history, any communications between Plaintiff and any other party, Plaintiff's failure to mitigate his alleged damages, any communication between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint and any discovery necessitated by the pleadings and other discovery.

3. **Discovery of Electronically Stored Information**. The parties do not believe that this case entails electronic discovery, but are amenable to producing any electronically stored information in hard copy or PDF format as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree to confer regarding any additional exchange or production that the parties believe is necessary.

4. **Claims of Privilege or Protection**. The parties anticipate production of confidential, trade secret, and/or commercially sensitive information during the pendency of this action. If the parties require a protective order one will be drafted and submitted to the Court. The parties intend to cooperate to resolve any issues related to privileged information, and state

that they are not seeking documents or other information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws. The parties agree that following service of any interrogatory response or document production form which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs..

      **5.**    **Limitations on Discovery**. The parties agree to the following limitations on discovery, in addition to those contained in the Federal Rules of Civil Procedure: Each party be limited to forty (40) requests for production and forty (40) requests for admission to be served on any other party.

      **6.**    **Other Orders**. Proposed Case Schedule:

**Trans Union:** Trans Union will be shortly filing a Motion for Judgment on the Pleadings and does not believe that discovery should commence until resolution of the motion.

    a. Motions to amend: Filed by June 20, 2025
    b. Expert disclosures: Plaintiff's Expert Disclosures: November 7, 2025; Defendants' Expert Disclosures: December 12, 2025
    c. Dispositive Motions: Filed by March 27, 2026
    d. Close of discovery: February 26, 2026
    e. Trial: June or July 2026 (Estimated length: 1-2 days)

**C.**    **Settlement Discussions:**

The Parties have engaged and will continue to engage in settlement discussions.

**D.**    **Subject Matter Jurisdiction:**

Plaintiff's complaint alleges violation of a federal statute (15 U.S.C. § 1681) and the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

**E.**    **Other pending matters / issues**

None at this time.

                                                  **Gale, Angelo, & Johnson, P.C.**

Dated: May 12, 2025                 */s/ Elliot Gale*
                                        Elliot Gale (Bar #1119904)
                                        egale@gajplaw.com
                                        Gale, Angelo, & Johnson, P.C.
                                        2999 Douglas Blvd., Ste. 111

Roseville, CA 95661
916-290-7778 ph
916-282-0771 fax

Attorney for Plaintiff
Eric Snowden

Dated: May 12, 2025

**Pilgrim Christakis LLP**

By:   */s/ Jeff Pilgrim*
Jeffrey Pilgrim (IL Bar No. 6270435)
Pilgrim Christakis LLP
One South Dearborn, Suite 1420
Chicago, Illinois 60603
Telephone: (312) 939-0923
E-mail: jpilgrim@pilgrimchristakis.com

*Counsel for Capital One Auto Finance*

Dated:  May 12, 2025

**Quiling Selander Lownds Winslett Moser**

*s/ Scott E. Brady*
Scott E. Brady, Esq. (IN #31622-49)
Ian N. Fuqua, Esq. (IN# 38195-49)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 602 & 605
Fax:  (317) 899-9348
E-Mail:  sbrady@qslwm.com
E-Mail:  ifuqua@qslwm.com

*Lead Counsel for Defendant Trans Union, LLC*